The Trenton Banking Co. v. Thomas
 L. Woodruff and Ann E. Woodruff
 his wife, and Zachariah Rossell, Trus-
 tee, &c.  } *On Bill.*

Ann E. Woodruff, by Zachariah Ros-
 sell her next friend, and Zachariah
 Rossell, Trustee, &c. v. The Trenton
 Banking Co., Tho's L. Woodruff et al.  } *On Cross Bill.*

The first mortgagee is entitled to the possession of the mortgaged premises, and being in possession, there can be no receiver as against him.

And although the validity or existence of the first mortgage be disputed, the court will not appoint a receiver as against the first mortgagee, unless it appear that he is unable to respond for the rents.

This cause came on for hearing upon an application of the Trenton Banking company, the complainants in the original bill, for the appointment of a receiver to take the rents of the mortgaged premises; or, on the failure of that motion, for the dissolution of an injunction which had been allowed on the prayer of the cross bill, to restrain them from proceeding at law to recover possession of the premises. The material facts are stated in the opinion of the chancellor.

*Wilson,* in support of the motion.

*Wall,* contra.

Cases cited in support of the application for a receiver. *2 Atkyns,* 564; *3 P. W.* 374; *1 John. Chan. R.* 57; *1 Cox,* 422; *2 Cox,* 378; *1 Jac. and Walk.* 627; *3 Atkyns,* 689; *3 Swanston,* 109; *1 Powell,* 294, note E. ; *Ambler,* 311; *16 Vesey,* 59; *13 Vesey,* 105.

The Chancellor. The Trenton Banking company filed their bill on two mortgages, given by Thomas L. Woodruff and

wife. The first one is dated the second day of March, 1821, and conveys *the moiety* of a lot in Second-street, in the city of Trenton. The second one is dated the seventeenth of October, 1823, and conveys a lot and a three-story bri house in Market-street.

The defendants, Ann E. Woodruff and Zachariah Rossell, set up by way of defence in their answer, and also in their cross bill, that on the fifteenth of May, 1821, Thomas L. Woodruff gave a mortgage on both properties to Israel Carle, for a large sum of money; that this was a part of his estate when he died, and was given by the will, with all the residuum of his estate, to his daughter, Mrs. Woodruff, for her sole use, and not to be affected by the contracts or debts of her husband; and that she afterwards constituted Zachariah Rossell her trustee, in whom the right to the mortgage is vested. It is also alleged that this mortgage, after the death of the mortgagee, was improperly cancelled by Thomas L. Woodruff, one of the executors, without the knowledge or approbation of his wife, in whom the right to it belonged, and that, notwithstanding such fraudulent cancellation, it is a subsisting lien on the property in the hands of the trustee, and that the bank had notice of it at the time they became possessed of the said second mortgage.

The trustee is in possession of the property; and the banking company, having brought an ejectment to recover possession, have been injoined by this court.

The application is to dissolve the injunction, or for the appointment of a receiver to take the rents, issues and profits, until it shall be decided who is equitably entitled to receive them.

The injunction, so far as regards the property embraced in the first mortgage, being the moiety of a lot in Second-street, cannot be sustained. There is no dispute whatever as to this mortgage or its priority, and I know of no reason why the mortgagees are not entitled to the possession, or why they should be restrained from pursuing the ordinary means to obtain it.

The injunction as to the remaining part of the property, being the house and lot in Market-street, must be retained till the hear-

ing, or the further order of the court. The equity of the cross bill is not answered in such way as to justify a dissolution.

The most important question, is that which relates to the appointment of a receiver of the property covered by the bank's second mortgage, and which is also embraced in the mortgage set up by the trustee. If the trustee is to be considered as a first mortgagee in possession, the case is plain. There can be no receiver as against him. He is entitled to the possession, having the first or legal mortgage, and can only be required to apply the rents and profits to the payment of the debt. The second mortgagee has no remedy, except to redeem. And the rule is so firmly settled, that in *Quarrel* v. *Beckford*, 13 *Vesey*, 378, lord Eldon said, that if Beckford, the first mortgagee, would swear there was any sum due him, and his mortgage was not satisfied, he would not take away the possession from him. And in *Berney* v. *Sewell*, the same learned chancellor says, " I know of no case where the court has appointed a receiver against a mortgagee in possession, unless the parties making the application will pay him off, and pay him off according to his demand, as he states it himself. I cannot appoint a receiver against these defendants, unless you can bring me their confession that they are paid off, or their refusal to accept what is due to them :" 1 *Jac. and Walk.* 627.

If, on the other hand, the trustee is not to be considered as a first mortgagee in possession, the rule is not applicable.

In considering this question, the court will not decide the rights of the parties upon the matters in issue between them, nor give an opinion that may prejudice either. The case must be taken as it appears upon the pleadings.

The trustee comes into court claiming as a mortgagee. He has presented his claim in such manner as to induce the court to restrain the plaintiffs in the original bill from dispossessing him, although their mortgage is undisputed. The situation of the parties is not varied by the answer to the cross bill, so as to induce the court to dissolve the injunction. His actual possession, and his claim to the legal right of possession, is, therefore, to remain

undisturbed pending the controversy, or at all events until the court shall otherwise order.

I incline to the opinion, that under these circumstances the court should not interfere with the receipt of the rents and profits by appointing a receiver, which is a virtual dispossession of the party, unless it be shown that the trustee would not be able to respond, in case of a decree against him. He is on the state of the case, as presented by the pleadings, a first mortgagee, and he is in actual possession. The rents and profits must go to extinguish the debts; and if it should be decreed that his debt has been paid and his mortgage legally cancelled, he must answer to the plaintiffs.

The plaintiffs appear to consider, that because their mortgage is admitted to be an existing and valid instrument or incumbrance, and the very existence of the other mortgage is in dispute, and not merely its priority, that they ought to be protected during the controversy. They say that they have been restrained from proceeding to recover possession on their mortgage, and that now the trustee should be restrained from receiving the rents and profits, by the appointment of a receiver; both parties would then be upon the same footing. This is certainly a plausible view of the case. But it must be recollected that the plaintiffs were prohibited from going into possession, on the express ground that the party who was in was a prior mortgagee, having, as such, legal rights, but which required the aid of a court of equity to be established; and that the rights of the plaintiffs, as compared with his, were only equitable. The situation of the parties has not been materially changed by the answer. If it had been, the injunction ought to be dissolved. As long as that remains, founded as it necessarily must be, on the principle that the right set up by the trustee is superior to that of the bank, I feel unwilling to interfere.

Suppose the trustee, instead of claiming possession under a prior cancelled mortgage, claimed under a mortgage older in date but younger in registry, than the mortgage of the bank; alleging at the same time, that the bank had full notice of his mortgage at the time their own was taken; and upon that state

[Trenton Banking Co. v. Woodruff et al.]

of facts, the court had restrained the bank from recovering possession. Would a receiver be appointed as against the party in possession? I incline to think not.

If the complainants are of opinion that the rents are in danger; that the trustee is unable to respond for the amount of them, in case he is obliged to give up the possession, and will make their application on that ground, it will present a new view of the case; and if the ground is supported, the court, as at present advised, will grant the application.

Let the injunction be modified so as to conform with this opinion.

The application for a receiver is denied, but without costs.